```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

TRAVIS WELCH,

                        Plaintiff,
                                                    VERIFIED COMPLAINT
        - vs -
                                                    Civil Case No.
CITY OF ROCHESTER,
ROCHESTER POLICE DEPARTMENT,
ROCHESTER POLICE OFFICER PATRICK GIANCURSIO,
ROCHESTER POLICE OFFICER WILLIAM WAGNER,
and other unnamed officers,

                        Defendants.

PLAINTIFF DEMANDS A TRIAL BY JURY
---------------------------------------------------------------
```

The Plaintiff, TRAVIS WELCH, by and through his attorney, LELAND T. WILLIAMS, ESQ., complaining of the Defendants, alleges as follows:

### INTRODUCTION

1. Plaintiff, TRAVIS WELCH, at all relevant times to the events described herein has a residence at 95 Brayer Street, City of Rochester, the County of Monroe and State of New York.

2. Upon information and belief, defendant City of Rochester, is and was at all relevant times hereinafter mentioned a municipal corporation located within the County of Monroe and State of New York.

3. Upon information and belief, defendant Rochester Police Department, is a department within the City of Rochester, which as

-1-

mentioned is a municipal corporation located within the County of Monroe and State of New York.

4. Upon information and belief, defendant Officer Patrick Giancursio of the Rochester Police Department, #2320, (hereinafter "Giancursio"), is a resident of the County of Monroe and State of New York.

5. Upon information and belief, defendant Officer William Wagner of the Rochester Police Department, #2334, (hereinafter "Wagner"), is a resident of the County of Monroe and State of New York.

6. Upon information and belief, other unnamed defendants from the Rochester Police Department were present and responsible, and will be named, identified and added as they become known.

## JURISDICTION

7. This action is brought pursuant to 42 U. S. C. Sections 1983, 1985 and 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United Constitution.

8. Jurisdiction is founded upon 28 U. S. C. Sections 1331 and 1341 (3) and (4) and the aforementioned statutory provisions.

9. Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide claims arising under New York State law.

10. A Notice of Claim, dated February 1, 2016, was timely filed with the City of Rochester and the Rochester Police

Department, New York pursuant to the New York State General Municipal Law.

11. A hearing pursuant to 50-h of the General Municipal Law was conducted on May 5, 2016.

12. More than thirty (30) days have elapsed since the service of the Notice of Claim and there has been no adjustment of payment.

13. This action was commenced within one (1) year and ninety days (90) of the happening of the events herein alleged.

14. No previous lawsuits and/or administrative relief have been pursued.

**FACTS**

15. On or about January 26, 2016, at approximately 6:30 p.m., the plaintiff was injured by the defendants, at or near 349 Child Street, Rochester, New York.

16. 349 Child Street is in the City of Rochester, Monroe County and State of New York.

17. At all relevant times the defendants, Giancursio, Wagner, and other unnamed officers were acting under the color of state law within the meaning of U. S. C. § 1983 and under the guise and scope of their employment as police officers for defendant, and under the policies, customs and usages of New York State, the City of Rochester and the Rochester Police Department.

18. At all relevant times the defendants City of Rochester and Rochester Police Department are responsible and liable for the

acts, omissions and conduct of the individual defendants Giancursio, Wagner, and other unnamed officers toward the plaintiff, and for the injuries, loss, costs and damages suffered.

19. At the above referenced date and time, the individual defendants Giancursio, Wagner, and other unnamed officers were uniformed officers of the Rochester Police Department and operating separate marked Rochester Police Department patrol cars.

20. On or about Tuesday, January 26, 2016, at about 6:30 p.m, the plaintiff was walking across Child Street, at or near Jay Street in the City of Rochester. A Rochester Police Department patrol cars pulled over and the officer exited it, apparently looking to stop and question plaintiff. As police inquiry began, plaintiff ran from and was chased on foot and by patrol car by uniformed Rochester Police Officers.

21. Plaintiff was apprehended by police in a backyard area of a Child Street residence. At that location, while handcuffed behind his back, and on his knees, Plaintiff was intentionally and purposefully brutally attacked and beaten by RPD officers, who repeatedly punched him in his head and face. Plaintiff was also pepper sprayed, without justification or provocation.

22. Other officers and supervising officers present at the scene did nothing to stop this assault, use of excessive force and physical brutality.

23. As a direct consequence of this assault, the plaintiff suffered orbital bone fractures around his right eye. He also sustained cuts, lacerations, bruises, swelling and pain over his entire body. Due to the nature and extent of his injuries, he was transported by the Rochester Police Department to Rochester General Hospital.

24. Beyond this initial emergency procedure, the plaintiff has had follow up treatment for complications related to this injury, including surgery to repair the orbital bone fractures surrounding his eye.

25. In addition to the injuries suffered above, the plaintiff has suffered permanent disfigurement, scarring, embarrassment and humiliation, and was subjected to criminal arrest, incarceration and prosecution related to these circumstances.

26. At all times during the events described each of the individual defendant officers, Giancursio, Wagner, and other unnamed officers acted jointly.

27. At all times during the events described each of the individual defendant officers, Giancursio, Wagner, and other unnamed officers failed to intervene to stop or prevent the excessive use of force and physical brutality used against the plaintiff.

28. At all time during the events described each of the individual defendant officers, Giancursio, Wagner, and other

unnamed officers knew from their training and experience that excessive force and physical brutality was used on this plaintiff.

29. Each of these defendants, Giancursio, Wagner, and other unnamed officers, despite this training, experience and governing departmental regulations, intentionally engaged in this conduct of excessive force and physical brutality to willfully and maliciously beat this plaintiff.

30. The plaintiff was arrested and charged with criminal offenses, booked into the Monroe County Jail and detained for prosecution in Rochester City Court.

## FIRST CAUSE OF ACTION: BATTERY

31. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

32. The actions of each of the defendants, Giancursio, Wagner, and other unnamed officers by hitting, kicking, punching and striking the plaintiff with their hands, knees and spraying the plaintiff with an aerosol mace and/or pepper spray was conducted in an offensive manner and intended to cause harm and injury to the plaintiff constituting a battery upon the plaintiff.

33. As a direct and proximate result of the battery, the plaintiff suffered harm, pain, injury, mental anguish, shame, emotional distress and humiliation. In addition, the plaintiff contends the intended conduct of each of the defendants was malicious and vindictive.

## SECOND CAUSE OF ACTION: ASSAULT

34. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

35. The actions of each of the defendants Giancursio, Wagner and other unnamed officers through their words, overt actions and gestures, intentionally placed the plaintiff in fear of imminent harmful, offensive contact and injury from each of the defendants.

36. As a direct and proximate result of the assault, the plaintiff suffered fear, mental anguish and emotional distress. In addition, the plaintiff contends the intended conduct of each of the defendants was malicious and vindictive.

## THIRD CAUSE OF ACTION: FALSE ARREST AND IMPRISONMENT

37. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

38. The actions of each of the defendants, Giancursio, Wagner and other unnamed officers by threatening, assaulting, beating, seizing, handcuffing, transporting and arresting the plaintiff were intended to confine the plaintiff.

39. Upon the arrest and seizure of the plaintiff was ultimately transported and confined in the Monroe County Jail. The plaintiff was aware of and did not consent to this confinement.

40. The arrest and detention of the plaintiff by the defendants was unlawful and without probable cause.

41. The plaintiff did not consent to his arrest, seizure or confinement.

42. The arrest, seizure and confinement of the plaintiff was unlawful, without probable cause and not otherwise privileged or justified.

43. As a direct and proximate result of the false arrest and imprisonment of the plaintiff by the defendants, Giancursio, Wagner and other unnamed officers the plaintiff has suffered imprisonment, personal injuries, pain and suffering, legal expenses, mental anguish, shame, harm to reputation, humiliation, ridicule, and embarrassment. In addition, the plaintiff contends the intended conduct of each of the defendants was malicious and vindictive.

### FOURTH CAUSE OF ACTION: MALICIOUS PROSECUTION

44. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

45. Each of the defendants, Giancursio, Wagner and other unnamed officers seized, detained, arrested and prosecuted the plaintiff without probable cause for the crime of Criminal Possession of a Weapon in Rochester City Court and before the Monroe County Grand Jury.

46. The actions of each of the defendants, Giancursio, Wagner, and other unnamed officers in initiating these criminal prosecutions was maliciously intended to injure and harm the plaintiff.

47. As a result of the malicious prosecutions of the plaintiff suffered injuries to reputation, legal expenses, mental anguish, shame, emotional distress, humiliation, ridicule, and embarrassment.

**FIFTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

48. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

49. The outrageous actions of each of the defendants, Giancursio, Wagner, and other unnamed officers by threatening, assaulting, beating, falsely detaining, seizing, arresting and prosecuting the plaintiff collectively and individually constitutes extreme and outrageous conduct that should be tolerated in a civilized society.

50. The outrageous actions of the defendants, Giancursio, Wagner and other unnamed officers were intended to cause, and was in utter disregarded of the severe emotional distress such actions caused to the plaintiff.

51. As a result of the outrageous conduct of each of the defendants, the plaintiff suffered extreme emotional distress. In addition, the plaintiff contends the intended conduct of each of the defendants was malicious and vindictive.

**SIXTH CAUSE OF ACTION: CIVIL RIGHTS**

52. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

53. The plaintiff contends the above acts of false arrest and imprisonment, assault and battery, malicious prosecution and intentional infliction of emotional distress collectively and individually committed by each of the defendants, Giancursio, Wagner and other unnamed officers constitute violations of plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment Rights as guaranteed by the United States Constitution.

54. The plaintiff further contends, the actions of the defendants Giancursio, Wagner and other unnamed officers, in detaining, seizing and arresting the plaintiff was without probable cause; in subjecting the plaintiff to unreasonable search and seizure, and by the use of excessive force in the course of said arrest, and during the subsequent detention was also in violation of the plaintiff's rights under the United States Constitution.

55. These actions of the defendants Giancursio, Wagner and other unnamed officers were in violation of the plaintiff's constitutional rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, and were performed under the color of state law by each of the defendants as members of the Rochester Police Department.

56. As a direct and proximate result of the aforementioned acts and their deliberate indifference of each of the defendants, the plaintiff suffered inhumane physical abuse, pain, physical injury, permanent disfigurement, loss of freedom, expenses, mental anguish, shame, emotional distress, humiliation, ridicule, damage to reputation and embarrassment.

57. The plaintiff makes claim for recovery of attorney's fees and expenses incurred pursuant to 42 U.S.C. § 1988.

### SEVENTH CAUSE OF ACTION: CIVIL RIGHTS ACTION AGAINST CITY OF ROCHESTER

58. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

59. Prior to the events described above, the City of Rochester developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Rochester, which caused the violation of the plaintiff's rights.

60. It was the policy and/or custom of the City of Rochester to inadequately and improperly investigate citizens complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Rochester.

61. It was the policy and/or custom of the City of Rochester to inadequately supervise and train its police officers, including the individual defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Rochester did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

62. As a result of the City of Rochester's policies and customs, the police officers of the City of Rochester, including the individual defendants believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

63. These policies and customs demonstrated a deliberate indifference on the part of policymakers and supervisory personnel of the City of Rochester to the constitutional rights of persons within the city of Rochester, and were the cause of the violations of the plaintiff's rights as alleged which resulted in his injuries.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

WHEREFORE, the plaintiff demands judgment against defendants for damages sustained by the plaintiff as follows:

- A. As to the First Cause of Action $1,000,000.00;
- B. As to the Second Cause of Action $1.000.000.00;
- C. As to the third Cause of Action $1,000,000.00;
- D. As to the Fourth Cause of Action $1,000,000.00;
- E. As to the Fifth Cause of Action $1,000,000.00;
- F. As to the Sixth Cause of Action $1,000,000.00;
- G. As to the Seventh Cause of Action $1,000,000.00;
- H. Together with punitive damages against each of the individual defendants as is deemed just and proper;
- I. Together with reasonable attorney's fees to be awarded to the plaintiff pursuant to 42 U. S. C. §1988;
- J. Together with the costs and disbursements of this action; and

K.   Such other and further relief as to this Court may deem just and proper.

DATED: Rochester, New York
       July 22, 2016

Yours, etc.

LELAND T. WILLIAMS, ESQ.
Attorney for Plaintiff
95 Allens Creek Road
Building 1, Suite 107
Rochester, NY 14618
Telephone: (585) 292-1110
lelandtwms@hotmail.com

To:  THE CITY OF ROCHESTER
     Department of Law
     City Hall Room 400A
     30 Church Street
     Rochester, NY 14614-1295

VERIFICATION

STATE OF NEW YORK)
COUNTY OF MONROE ) ss.:

TRAVIS WELCH, being duly sworn, deposes and says:

1. Deponent is the Plaintiff in the within action;

2. Deponent has read the foregoing Com[p;laint and knows the content thereof; the same is true to deponent's own knowledge, except as to those matters stated therein to be based upon information and belief, and as to those matters, deponent believes them to be true.

_____
TRAVIS WELCH

Sworn to before me this
22nd day of July, 2016.

_____
NOTARY PUBLIC

-14-