UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

TRAVIS WELCH,

                Plaintiff,

v.

CITY OF ROCHESTER, ROCHESTER POLICE DEPARTMENT, ROCHESTER POLICE OFFICER PATRICK GIANCURSIO, ROCHESTER POLICE OFFICER WILLIAM WAGNER, AND OTHER UNNAMED OFFICERS

                Defendants.

**ANSWER**
**Defendants Demand Trial by Jury**
**Case No. 16-cv-6520**

Defendants, City of Rochester, Patrick Giancursio and William Wagner ("City Defendants") by their attorney, Brian Curran, Esq., Corporation Counsel for the City of Rochester, Spencer Ash, Esq., of counsel, hereby answer the Plaintiff's complaint as follows:

1. Respond to paragraphs and paragraphs 7, 8, 9, 31, 34, 37, 44, 48, 52, 57 and 58 by asserting that said paragraphs are or contain legal conclusions and otherwise do not merit a response, and otherwise deny said paragraphs.

2. Deny the allegations in paragraphs 19, 20, 21, 22, 23, 27, 28, 29, 32, 33, 35, 36, 38, 40, 42, 43, 45, 46, 47, 49, 50, 51, 53, 54, 55, 56, 59, 60, 61, 62 and 63.

3. Admit the allegations in paragraphs 2, 3, 13, 16 and 30.

4. Deny knowledge or information sufficient to form a belief as to paragraphs 1, 6, 14, 15, 17, 18, 24, 25, 26, 39 and 41.

1

5. Admit as much of paragraph (4) which states that the Rochester Police Officer Giancursio is a resident of the State of New York and deny information sufficient to form a belief as to the remainder of the paragraph.

6. Admit as much of paragraph (5) which states that the Rochester Police Officer Wagner is a resident of the State of New York and deny information sufficient to form a belief as to the remainder of the paragraph.

7. Admit as much of paragraph (39) which states that the Plaintiff was properly arrested and deny information sufficient to form a belief as to the remainder of the paragraph.

8. Paragraphs (10) through (12) are legal assertions regarding the Notice of Claim and claim process which do not require an answer by the City Defendants.

9. Deny each and every remaining allegation in the complaint, not otherwise specifically responded to herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

10. That the Complaint fails to state a cause of action upon which relief may be granted against the defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

11. That the Complaint represents an effort to state a cause of action cognizable under 42 U.S.C. §§1983 and 1985 against the Rochester Police Department, however it fails.

### AS AND FOR A THIRD AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

12. That the New York State and Federal causes of action alleged by Plaintiff may not be maintained for the reason that plaintiff failed to properly commence the action within the appropriate statute of limitations period.

### AS AND FOR A FOURTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

13. If individual defendants, employed by the City of Rochester, are construed to be a part of this action they are entitled to qualified immunity from suit because:

   A. No clearly established constitutional right was violated.

   B. The defendants' actions were objectively reasonable under the circumstances.

### AS AND FOR A FIFTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

14. If individual defendants, employed by the City of Rochester, are construed to be a part of this action they are entitled to immunity from continuation of this action upon the ground that they acted in the good-faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

### AS AND FOR A SIXTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

15. If this is action is construed against the City of Rochester or its employees, the official actions of the City of Rochester and its employees, agents or representatives, jointly and severally constituted good faith exercise of discretion and judgment, for which the City of Rochester and its employees, agents or representatives are immune from common-law liability.

### AS AND FOR A SEVENTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

16. If this action is construed to be an action against the City of Rochester or its employees, the Complaint fails to allege that any of the defendants acted maliciously, wantonly or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow and, therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

### AS AND FOR AN EIGHTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

17. That all conduct by the City of Rochester, or by its officers, employees, agents or representatives was justified under the circumstances herein; was privileged conduct in the performance of defendant's police function; was supported by probable cause; and was reasonably necessary to the performance of its duties and was in accordance with the requirements of law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

18. That the City defendants did not authorize, condone, permit or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

19. Punitive damages cannot be awarded against a municipality or any individuals whom a municipality is required to indemnify, which would include the individual answering Defendant herein.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE DEFENDANTS STATE:

20. To the extent the complaint is interpreted to state a cause of action based upon a theory of negligent hiring, education, training and/or supervision, the Complaint fails to allege sufficient facts to support such allegations and should be dismissed.

**WHEREFORE,** the Defendants demand judgment dismissing Plaintiff's complaint against them together with the costs and disbursements of this action.

**BRIAN F. CURRAN**
**CORPORATION COUNSEL**

Dated: September 12, 2016            /s/ Spencer Ash
       Rochester, New York           Spencer Ash, Esq., Of Counsel
                                     *Attorneys for the Defendants*
                                     Office and Post Office Address

City Hall Room 400A, 30 Church Street
Rochester, NY 14614-1295
Telephone: (585) 428-6699


TO:    Leland T. Williams, Esq.
*Attorney for Plaintiff*
95 Allens Creek Road
Building 1, Suite 107
Rochester, NY 14618
(585) 292-1110