UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

TRAVIS WELCH,

                Plaintiff,              MEMORANDUM OF
                                                                   LAW IN SUPPORT OF
                                                               DEFENDANTS' MOTION
                                                               IN LIMINE

          v.                                                                  Case No. 16-cv-6520

CITY OF ROCHESTER, ROCHESTER POLICE
DEPARTMENT, ROCHESTER POLICE OFFICER
PATRICK GIANCURSIO, ROCHESTER POLICE
OFFICER WILLIAM WAGNER, AND
OTHER UNNAMED OFFICERS

                              **Defendants.**
_____

       Defendants submit this Memorandum of Law in support of their Motion in Limine seeking dismissal preclusion of previously undisclosed medical and video evidence presented for the first time as part of Plaintiff's proposed trial exhibits.

**Damage Claims:**

       Plaintiff has failed to either plead or disclose the nature and extent of his injuries, or supply Defendants with any treatment records or the names of any treatment providers. At the inception of a lawsuit parties are obligated to disclose "each individual likely to have discoverable information that the disclosing party may use to support his claim." Fed. R. Civ. P. 26(a)(1)(A). "Such initial disclosure must be made based on information then reasonably available to the disclosing party regardless of whether he has yet to complete his investigation of the case. Fed. R. Civ. P. 26(a)(1)(E). A party is also affirmatively bound to supplement incomplete or incorrect disclosures with later acquired information. The failure to discharge those obligations precludes a party from using the withheld information as evidence at trial. Fed.

R. Civ. P. 37(c)(1). *Stover v. Northland Group, Inc.,* 2007 U.S. Dist. LEXIS 49029, 200 WL 196724 at 2-3 (W.D.N.Y. 2007*).*

Moreover, in *Banushi v. Police Officer Alvin L. Palmer Shield No. 04009 & Equashia Allen*, 2011 U.S. Dist. LEXIS 419 (E.D.N.Y) the Court held "[T]reating physicians may testify as to opinions formed during their treatment, including causation, severity, disability, permanency and future impairments, without the obligation to submit an expert report." *aff'd* 612 F.3d 149 (2d Cir. 2010). "On the other hand, testimony is precluded because plaintiff did not identify or produce documents from the physician during the discovery phase of this case." *Gotlin v. Lederman*, No.. 04 CV 3736, 2010 U.S. Dist. LEXIS 43101, at 19 (E.D.N.Y. 2010) (granting motion to preclude testimony of a witness not identified until two years after discovery closed).

Accordingly, all proof of damages should be excluded.

*Video Evidence:*

Plaintiff is apparently using unauthenticated and previously undisclosed videos involving different facts, circumstances and parties to establish character/habit of the Defendants. However, pursuant to USCS Fed Rules Evid R 404:

**b) Crimes, Wrongs, or Other Acts.**
(1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses; Notice in a Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

   (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

   (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

`      Plaintiff may not use these videos to establish character, and to the limited extent such evidence is admissible, Plaintiff has not provided reasonable notice of the general nature of the evidence so as to permit Defendants to investigate and properly defend—making the use of such material unfairly prejudicial.

Moreover, Plaintiff failed to disclose the video or the names of individuals with knowledge of the video. Moreover, the names of individuals who may be able to authenticate the video, and from whom the video was sourced were also not disclosed pursuant to Rule 26 (c), triggering preclusion under FRCP Rule 37.

Additionally, the videos are neither relevant nor admissible. In *Worthy v. City of Buffalo*, 2013 U.S. Dist. LEXIS 146242 (W.D.N.Y 2013) the Court stated that it is unlikely that evidence relating to unsubstantiated claims of excessive force be admissible. The Court cited *Crenshaw v. Herbert 409* Fed.Appzx. 428 (2d. Cir. 2011) in holding *that even if evidence of a prior substantiated excessive force investigation existed, such evidence would not be relevant to the particular facts of the case at bar*. *Crenshaw* at 430. In *Richir v. Vill. of Fredonia*, 2008 U.S. Dist. LEXIS 28032 (W.D.N.Y 2008) the Court held that arrest records and incidents **_not involving Plaintiff_** were not appropriate for disclosure. In denying plaintiff's motion to compel, in part, the Court found that only arrest and incident reports related to Plaintiff were germane to his case—despite his broad allegations of general harassment by the Fredonia Police Department.

For the reasons stated above the video evidence, proffered on the eve of trial, should be excluded.

**WHEREFORE**, it is respectfully requested that Defendants' Motion in Limine be granted, together with such other and further relief as the Court deems just and proper, including awarding to Defendants the costs and disbursements of this proceeding.

DATED: January 29, 2018

**BRIAN F. CURRAN**
**CORPORATION COUNSEL**

s/Spencer L. Ash

_____
Spencer L. Ash, Esq., of counsel
Attorneys for Defendants
30 Church Street, Room 400A City Hall
Rochester, NY 14614
Telephone: (585) 428-6699

TO: Leland T. Williams, Esq.
*Attorney for Plaintiff*
95 Allens Creek Road
Building 1, Suite 107
Rochester, NY 14618
(585) 292-1110