PROPOSED JURY INSTRUCTIONS: WELCH V. CITY OF ROCHESTER, ET AL

CIVIL ACTION NO.: 16-CV-6520

**INSTRUCTION 7.01.1**     **Excessive Force Arrest Claim**

**INSTRUCTION 7.01.1a**     **Excessive Force—Arrest or Other Seizure of Person**

**INSTRUCTION 7.01.12**     **Excessive Force Arrest Claim—Multiple Claims and Multiple Defendants—Special Verdicts**

**PJI 3:1.**     **Intentional Torts—Intent Defined**

**PJI 3:2.**     **Intentional Torts—Interference with Person or Property—Assault**

**PJI 3:3.**     **Intentional Torts—Interference with Person or Property--Battery—Generally**

**PJI 3:4.**     **Intentional Torts—Interference with Person or Property—Battery Committed in Performance of Public Duty or Authority**

**INSTRUCTION 14.01.1**     **Proximate Cause—General Instruction**

**INSTRUCTION 18.01.1**     **Compensatory Damages—General Principles—Past and Future Damages—Future Earnings**

**INSTRUCTION 18.01.2**     **Cautionary Instruction on Damages**

**INSTRUCTION 18.01.3**     **Cautionary Instruction Concerning Counsel's Request for Damages**

**INSTRUCTION 18.01.5**     **Compensatory Damages–Pain, Suffering, and Emotional Distress**

**INSTRUCTION 18.01.6**      Attorneys' Fees and Court Costs Should Not Be Considered

**INSTRUCTION 18.01.9**      Compensatory Damages—Injury/Pain/Disability/
Disfigurement/Loss of Capacity for Enjoyment of Life

**INSTRUCTION 18.01.10**      Compensatory Damages—Permanent Injuries—
Life Expectancy Tables

**INSTRUCTION 18.02.1**      Presumed Damages

**INSTRUCTION 18.03.1**      Nominal Damages

**INSTRUCTION 18.06.1**      Separate Consideration of Each Defendant—
Apportionment—Joint and Several Liability

**INSTRUCTION 18.07.1**      Punitive Damages

**INSTRUCTION 18.07.2**      Punitive Damages—Amount of Punitive Damages

Dated: February 1, 2018                    Leland T. Williams, Esq.
Attorney for Plaintiff
95 Allens Creek Road, 1-107
Rochester, New York 14618
Telephone: (585) 292-1110
lelandtwms@hotmail.com

TO:  Spencer L. Ash, Esq.
Attorney for the Defendants
City of Rochester, New York
Law Department
City Hall - Room 412A
30 Church Street
Rochester, New York 14614

## INSTRUCTION 7.01.1

### Excessive Force Arrest Claim

Plaintiff claims that the defendant police officer violated his Fourth Amendment rights by using excessive force when, during the course of his arrest, defendants struck the Plaintiff in his head and face, while he was handcuffed with his hands behind his back which resulted in broken orbital bones and the need for surgical repair. Defendants admit striking Plaintiff in the face, however state that it was done while effecting his arrest, and that they did so without excessive force. The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures. An arrest is a seizure. A police officer may use reasonable force in making an arrest, but the Fourth Amendment prohibits the use of unreasonable force. Therefore, a person has a constitutional right under the Fourth Amendment to be free of excessive force when arrested.

The plaintiff claims that when they arrested him, the defendant officers employed excessive force by beating him while he was handcuffed and defenseless. The defendants deny that they struck him while he was handcuffed.

Every person has the right not be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though the arrest itself is otherwise in accordance with the law. On the other hand, in making a lawful arrest police officers have the right to use such force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. Whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible contact between the plaintiff and the defendants would not be sufficient by itself to demonstrate that the defendants violated the plaintiff's constitutional rights. On the other hand, you may find

that, under the circumstances, throwing the plaintiff to the ground, if you so find, constituted unreasonable and excessive force that would render the defendants liable.

The question before you is whether the actions of the defendant police officer on January 26, 2016, were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar conditions in light of the facts and circumstances confronting the officer. You are to make this determination without regard to the police officers' underlying subjective intent or motivation. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the police officers or others, and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied.

The Constitution must not be trivialized. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

If you find that the defendants' use of force was reasonable, you must return a verdict for the defendants. If you find that the defendants' use of force was unreasonable, your verdict must be for the plaintiff. In that case you must then determine whether the plaintiff's alleged injuries were proximately caused by the defendants' use of excessive force.

The plaintiff has the burden of proving that the defendants' actions were a proximate cause of injury to the plaintiff. Injury is proximately caused by the defendant's conduct

when it appears from the evidence in the case that the conduct played a substantial role in bringing about the injury, in this case, a dislocated elbow.

In sum, if you find that the plaintiff has established, by a preponderance of the evidence, that the defendant used excessive force in placing him under arrest, the plaintiff is entitled to recover from that defendant for the injuries and damages caused by the excessive force.

However, if you find that the plaintiff has failed to establish, by a preponderance of the evidence, either that the defendant used excessive force in effecting the arrest, or that the excessive force caused plaintiff's injuries, then your verdict will be in favor of the defendant.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

## INSTRUCTION 7.01.1a

### Excessive Force—Arrest or Other Seizure of Person

Your verdict must be for the plaintiff and against defendant police officers Giancursio and Wagner if all the following elements have been proved:

*First*, the defendants police officers Giancursio and Wagner struck the Plaintiff in his head and face, while he was handcuffed with his hands behind his back during the course of his arrest, or that they struck plaintiff, they used "excessive force"; and

*Second*, the force used was excessive because it was not reasonably necessary to "arrest the plaintiff," or "take the plaintiff into custody," ; and

*Third*, as a direct result, the plaintiff was injured, and [*if an issue in the case*,

*Fourth*, the defendant was acting under color of state law.

In determining whether the force, was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain and rapidly changing.    You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer, without regard to the officer's own state of mind, intention or motivation.

If any of the above elements has not been proved, then your verdict must be for the defendant.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

**INSTRUCTION 7.01.12**

**Excessive Force Arrest Claim—Multiple Claims and
Multiple Defendants—Special Verdicts**

1. Do you find that defendant Patrick Giancursio deprived the plaintiff of his constitutional rights by using excessive force against plaintiff on January 26, 2016?

Yes _____     No _____

If you answered "no" to Question 1, do not answer Question 2, and go to Question 3. If you answered "yes" to Question 1, go on to Question 2.

2. Did defendant Patrick Giancursio's use of excessive force proximately cause any of plaintiff's injuries?

Yes _____

No _____

Go to Question 3.

3. Do you find that defendant William Wagner deprived the plaintiff of his constitutional rights by using excessive force against plaintiff on January 26, 2016?

Yes _____

No _____

If you answered "no" to Question 3, do not answer Question 4, and go to Question 5. If you answered "yes" to Question 3, go on to Question 4.

4. Did Defendant William Wagner's use of excessive force proximately cause any of plaintiff's injuries?

Yes _____

No _____

Go to Question 5.

5. Do you find that defendant City of Rochester had a policy custom or practice that deprived the plaintiff of his constitutional rights?

Yes _____

No _____

If you answered "no" to Question 5, do not answer Question 6, and go to Question 7. If you answered "yes" to Question 5, go on to Question 6.

6. Did defendant City of Rochester's deprivation of plaintiff's constitutional rights proximately cause any of plaintiff's injuries?

Yes _____

No _____

7. Do you find that defendant Patrick Giancursio committed an assault and battery on the plaintiff on January 26, 2016?

Yes _____

No _____

If you answered "no" to Question 7, do not answer Question 8, and go to Question 9. If you answered "yes" to Question 7, go on to Question 8.

8. Did defendant Patrick Giancursio's assault and battery on plaintiff result in harmful or offensive contact with the plaintiff?

Yes _____

No _____

9. Do you find that defendant William Wagner committed an assault and battery on the plaintiff on January 26, 2016?

Yes _____

No _____

If you answered "no" to Question 9, do not answer Question 10, and go to Question 11. If you answered "yes" to Question 9, go on to Question 10.

10. Did William Wagner's assault and battery on plaintiff result in harmful or offensive contact with the plaintiff?

Yes _____

No _____

11. Was the defendant, Patrick Giancursio, negligent in his actions in apprehending plaintiff?

Yes _____

No _____

If you answered "no" to Question 11, do not answer Question 12, and go to Question 13. If you answered "yes" to Question 11, go on to Question 12.

12. Was the defendant Patrick Giancursio's negligence a proximate cause of any injury to the plaintiff?

Yes _____

No _____

13. Was the defendant, William Wagner, negligent in his actions in apprehending plaintiff?

Yes _____

No _____

If you answered "no" to Question 13, do not answer Question 14, and go to Question 15. If you answered "yes" to Question 13, go on to Question 14.

14. Was the defendant William Wagner's negligence a proximate cause of any injury to the plaintiff?

Yes _____

No _____

15. Was the plaintiff contributorily negligent?

Yes _____

No _____

If the answer to Question 15 is "no," you will proceed to Question 18. If the answer to this question is "yes," you will go to Question 16.

16. Was the contributory negligence of the plaintiff a proximate cause of any injury or damage plaintiff suffered?

Yes _____

No _____

Go to Question 17.

17. Taking the combined negligence that was a proximate cause in bringing about the plaintiff's injuries as 100 percent, what percentage of that negligence was attributable to the defendants and what percentage was attributable to the plaintiff?

Percentage of negligence attributable to the defendants Patrick Giancursio and William Wagner?

_____ %

Percentage of negligence attributable to the plaintiff?

_____ %

(The court will reduce plaintiff's award, if any, by the percentage of contributory negligence found, if any.)

Answer Question 18 only if you answered "yes" to Questions 11 and 12.

18. Is the City of Rochester liable for the negligence of defendant, Patrick Giancursio?

Yes _____

No _____

Answer Question 19 only if you answered "yes" to Questions 13 and 14.

19. Is the City of _____ liable for the negligence of defendant, William Wagner?

Yes _____

No _____

20. State the amount of compensatory damages, if any, plaintiff, has proven against each defendant for:

| | Patrick Giancursio | William Wagner | City of _____ |
|---|---|---|---|
| Past Medical Expenses | $ _____ | $ _____ | $ _____ | $ _____ Total |
| Future Medical Expenses | $ _____ | $ _____ | $ _____ | $ _____ Total |
| Past Pain and Suffering | $ _____ | $ _____ | $ _____ | $ _____ Total |
| Future Pain and Suffering | $ _____ | $ _____ | $ _____ | $ _____ Total |

Answer Question 21 only if you answered "yes" to one of Questions 2 or 8.

21. Did defendant Patrick Giancursio act willfully, maliciously, wantonly, or with reckless disregard for plaintiff's constitutional rights?

Yes _____   No _____

Answer Question 22 only if you answered "yes" to Question 21.

22. State the amount of punitive damages, if any, you award to the plaintiff against defendant Patrick Giancursio.

$ _____

Answer Question 23 only if you answered "yes" to one of Questions 4 or 10.

23. Did defendant William Wagner act willfully, maliciously, wantonly, and with reckless disregard for plaintiff's constitutional rights?

Answer Question 24 only if you answered "yes" to Question 23.

24. State the amount of punitive damages, if any, you award to plaintiff and against defendant William Wagner.

$ _____

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

PJI 3:1. Intentional Torts—Intent Defined

Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result.

Here it is undisputed that the defendants struck the Plaintiff in his head and face which resulted in broken orbital bones and the need for surgical repair . If you find that the defendants acted with the desire to bring about that result, or that the defendants knew with substantial certainty that such a result would follow, you will find that the defendants intended the result. If you find that the defendants did not desire to bring about that result and that defendants did not know with substantial certainty that such a result would follow, you will find that the defendants did not intend the result.

Source:   New   York   Pattern   Jury
Instructions: Civil, Vol 2A, 2018 Ed

PJI 3:2. Intentional Torts—Interference with Person or Property—Assault

This is an action to recover damages for assault. An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact. A defendant is liable for assault when he intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily contact. In order to commit an assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that there be any contact.

Notice that I used the word "intentionally" in defining an assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result.

The plaintiff claims that the defendants, following an unprovoked attack while he was handcuffed, kept him in their custody, transported him to the Public Safety Building, stayed while he was interviewed, and took him to booking. Plaintiff claims that he was afraid of receiving another beating from the defendants. The defendants deny that they beat the plaintiff, and that their presence at the interview was a part of their normal duties following an arrest. If you find that the defendants, by their continued presence voluntarily threatened to resume an attack on plaintiff, and that the defendants intended by doing so to cause the plaintiff to become apprehensive that a harmful bodily contact was about to occur, and

that the defendant had the real or apparent ability to carry out the threat, and that the plaintiff had such apprehension, you will find that the defendant committed an assault.

If you find that the defendants did not voluntarily maintain their presence around plaintiff, following the attack he alleges, and or that although the defendants did not intend to cause the plaintiff to become apprehensive that a harmful bodily contact was about to occur, or that the defendants had neither the real nor apparent ability to carry out the threat, or that the plaintiff did not become apprehensive, you will find that the defendants did not commit an assault.

Source: New York Pattern Jury Instructions: Civil, Vol 2A, 2018 Ed

3:3. Intentional Torts—Interference with Person or Property--Battery—Generally

In this action, plaintiff Travis Welch seeks damages for battery. A person who intentionally touches an other person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all damages resulting from his act.

Intent involves the state of mind with which an act is done. The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

Plaintiff Travis Welch claims that defendants Patrick Giancursio and/or William Wagner struck him with their fists while he was handcuffed with his hands behind his back and unable to protect himself, which blows caused orbital bone fractures in his face. Patrick Giancursio and/or William Wagner admit that each struck Travis Welch in his right cheek, but say that each did so while taking plaintiff into custody.

If you find that Patrick Giancursio and/or William Wagner intentionally struck him with their fists while he was handcuffed with his hands behind his back and unable to protect himself and that contact was offensive, you will find that Patrick Giancursio and/or William Wagner committed a battery. If you find that Patrick Giancursio and/or William Wagner did not intentionally strike him while he was handcuffed or that, although each did strike Travis Welch, each did so while taking plaintiff into custody, you will find that Patrick Giancursio and/or William Wagner did not commit a battery.

Patrick Giancursio and/or William Wagner admit that each did strike Travis Welch in his right cheek area. However, Patrick Giancursio and/or William Wagner claim that each was acting pursuant to their duty as police

officers taking a suspect into custody and therefore are not liable for any damages to Travis Welch. Patrick Giancursio and/or William Wagner have the burden of establishing self-defense by a fair preponderance of the credible evidence, as I have defined that term for you. In order to establish self-defense, Patrick Giancursio and/or William Wagner must establish that (he, she) reasonably believed that Travis Welch was attacking or about to attack him and that the force that Patrick Giancursio and/or William Wagner used to prevent injury to himself was reasonable under the circumstances.

If you find that Patrick Giancursio and/or William Wagner had a reasonable belief that he was facing a physical attack from Travis Welch and that the force that Patrick Giancursio and/or William Wagner used was reasonable under the circumstances, you will find that Patrick Giancursio and/or William Wagner was acting in self-defense and is not liable for battery. If you find that Patrick Giancursio and/or William Wagner did not have a reasonable belief that he was facing a physical attack from Travis Welch or that even though  he did, the force that  he used was not reasonable under the circumstances, you will find that Patrick Giancursio and/or William Wagner was not acting in self-defense and therefore is liable for battery.

Source:   New   York   Pattern   Jury Instructions: Civil, Vol 2A, 2018 Ed

PJI 3:4. Intentional Torts—Interference with Person or Property—Battery Committed in Performance of Public Duty or Authority

One who (seeks to make a lawful arrest, has another person lawfully in custody) has the right to use as much force as (he, she) reasonably believes necessary in order to (make the arrest, prevent such person's escape) and can be held liable only if (no force was necessary, the force used was excessive).

Plaintiff claims that defendants, after placing him in handcuffs with his arms behind his back (in the process of arresting plaintiff, while plaintiff was in defendant's custody, struck him multiple times in the head and face without provocation causing plaintiff to sustain broken orbital bones in his face. Defendants admit striking plaintiff but say that plaintiff was resisting arrest, and attempting to escape, and that defendants used only as much force as each reasonably believed necessary under the circumstances.

Taking into consideration all of the circumstances existing at the time and place of the incident, if you find that it was not reasonable for defendants to believe that plaintiff was resisting arrest, attempting to escape, then defendant was not justified in using force at all and you, will find that defendants committed a battery. If, however, you find that defendants reasonably believed that plaintiff was continuing to resisting arrest and attempting to escape, and that defendants were justified in using force to the extent that each defendant reasonably believed it necessary to make the arrest, prevent the escape, you must then decide whether the force used was reasonably believed by defendants to be necessary. In making that decision, you must take into consideration all of the circumstances confronting defendants at the time and place of the incident, including

((here set forth factors for which modified, there is evidence in the case, such as:] what defendant saw and heard; whether there was assistance available to defendant; what if anything you find that defendant had been

informed about plaintiff; what if anything you find that defendant had been informed concerning the commission of a crime in the area). Defendants were not required, at his own peril, to measure the precise amount of force necessary. If by these standards defendants used excessive force to accomplish their purpose, defendants committed a battery and each is liable for damages resulting from his act.

If you find that defendants reasonably believed that plaintiff was resisting arrest, and attempting to escape and that defendants used no more force than defendants reasonably believed necessary, you will find that defendants committed no battery. If you find that defendants did not reasonably believe that plaintiff was resisting arrest or was attempting to escape, and was handcuffed with his arms behind his back, or you find that defendant did not reasonably believe the force used was necessary under the circumstances, you will find that defendant committed a battery.

Source: <u>New York Pattern Jury Instructions: Civil</u>, Vol 2A, 2018 Ed

## INSTRUCTION 14.01.1

### Proximate Cause—General Instruction

If plaintiff proves the first two elements of his Section 1983 claim, first, that one or both of the defendants acted under color of state law, and second, that one or both of the defendants deprived him of his constitutional right not to be subject to excessive force by police officers while effecting an arrest, then you must determine whether the plaintiff has proved the third element of his claim, namely, causation. Plaintiff must demonstrate that the conduct of the defendant was a proximate cause of his injuries. An injury is proximately caused by the defendant's conduct whenever it appears from the evidence that (1) the conduct played a substantial role in bringing about the injury, and (2) the injury was either a direct result or a reasonably probable consequence of the defendant's conduct. Stated differently, the issue is whether a reasonable person would view the defendant's conduct as a cause of the plaintiff's injuries.

To recover damages for an injury, the plaintiff must show by a preponderance of the evidence that the conduct of the defendants played a substantial role in bringing about her injuries.

If you find that the plaintiff complains about an injury that was not proximately caused by the defendants' conduct, you may not award the plaintiff damages for that injury.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

## INSTRUCTION 18.01.1

### Compensatory Damages—General Principles—Past and Future Damages—Future Earnings

If you find that the one or both defendants is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole–that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is entitled to, in addition to his expenses incurred as a result of his injuries, compensatory damages for the physical injury, pain and suffering, mental anguish, shock, and discomfort that he has suffered because of the defendant's conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit.

You must use sound discretion in fixing an award of compensatory damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

You should consider the following elements of damages, to the extent you find them proved by a preponderance of the evidence.

A. *Damages Accrued*

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B. *Calculation of Future Damages*

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages. [In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census, or other recognized morality table.]

C. *Reduction of Future Damages to Present Value*

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, then you must determine the present worth in dollars of such future damages.

[NOTE: future earnings are not claimed herein...]

If you make any award for future medical expenses, you should reduce the award to present value in the same manner as with loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

## INSTRUCTION 18.01.2

### Cautionary Instruction on Damages

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of his §1983 claim for relief, you must then decide if he suffered any injuries as a result of the violation of his federally protected rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages. You should reach the issue of damages only if you first decide that the defendant is liable to plaintiff. In other words, I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable to the plaintiff.

Also, just because I give you instructions on damages does not mean that I have any opinion about liability, one way or the other. It is for you alone to decide whether a defendant whom you are considering is liable to the plaintiff.

You should not reach the issue of damages unless you find that the plaintiff has established liability on at least one of his Section 1983 claims.

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding three types of damages: compensatory damages, nominal damages, and punitive damages. I will explain the law concerning each of these three types of damages to you.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

## INSTRUCTION 18.01.3

### Cautionary Instruction Concerning Counsel's Request
### for Damages

I instruct you that an attorney's statement to you of the amount of damages you should award the plaintiff is not binding upon you. It is not evidence; it is only a lawyer's statement.

It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate the plaintiff for any injuries and damages he has sustained. You are to make that determination solely on the basis of the evidence in this case, and on the law I will give you, and not on the basis of an attorney's statement, claim, or argument.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

## INSTRUCTION 18.01.5

### Compensatory Damages–Pain, Suffering, and Emotional Distress

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress that you determine to be reasonable compensation in the light of all the evidence in this case. We all know that the nature and degree of pain and mental distress may differ widely from person to person. Consequently, the law does not have a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you find to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you must arrive at a sum of money that will justly, fairly, and adequately compensate the plaintiff for the actual pain, suffering, and emotional distress you find that he endured as the direct result of any constitutional deprivation he may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

**INSTRUCTION 18.01.6**

**Attorneys' Fees and Court Costs Should Not Be Considered**

If you should find for the plaintiff on her §1983 claim, you should not take into consideration attorneys' fees or court costs in deciding on the amount of her compensatory damages. The matter of attorneys' fees and costs will be decided later by the Court.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

## INSTRUCTION 18.01.9

### Compensatory Damages—Injury/Pain/Disability/
### Disfigurement/Loss of Capacity for Enjoyment of Life

You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, [*disability*], [*disfigurement*], [*mental anguish*], [*and/or*] [*loss of capacity for enjoyment of life*] that the plaintiff experienced in the past [*or will experience in the future*] as a result of the bodily injury. No evidence of the value of intangible things, such a mental or physical pain or suffering, has been or need be introduced. You should determine the amount of compensatory damages that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

## INSTRUCTION 18.01.10

### Compensatory Damages—Permanent Injuries—
### Life Expectancy Tables

If the plaintiff has established that his injuries, if any, are permanent, you must take that fact into consideration in fixing the amount of compensatory damages. You should take into consideration the period of time that has elapsed from the date of the plaintiff's injury to the present time, and the period of time that the plaintiff can be expected to live. In this connection, I am instructing you that the plaintiff can be expected to live for _38_ more years, according to the most recent life expectancy tables published by the United States government.

Life expectancy tables are, of course, nothing more than statistical averages. They neither assure the span of life that I have given you, nor assure that the span of life will not be greater. The life expectancy figure I have given you is not binding upon you. It may, however, be considered by you together with your own experience, and the evidence you have heard concerning the condition of the plaintiff's health, habits, employment, and activities, in determining her present life expectancy.

"Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

### INSTRUCTION 18.02.1

#### Presumed Damages

In this case the plaintiff seeks to recover what the law calls "presumed damages." Presumed damages may be awarded when the plaintiff seeks compensation for an injury that is likely to have occurred, but is difficult to establish. If you find that the plaintiff suffered a violation of his federally protected rights, I am instructing you, as a matter of law, that the plaintiff is entitled to an award of presumed damages.

It will be for you, the jury, to determine the amount of presumed damages. The damages awarded should be reasonable and should roughly approximate the harm that the plaintiff suffered from the defendant's wrongful conduct, and thereby compensate him for a harm that may be impossible to measure precisely.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

**INSTRUCTION 18.03.1**

**Nominal Damages**

If you return a verdict in the plaintiff's favor on his §1983 claim, but find that he failed to meet his burden of proving that he suffered any actual injuries, then you must award the plaintiff "nominal damages" not to exceed one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

## INSTRUCTION 18.06.1

### Separate Consideration of Each Defendant—
### Apportionment—Joint and Several Liability

This case involves multiple defendants. Therefore, you must be careful to impose any damages that you may award only against the defendant or defendants that the plaintiff has proved liable. The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendants are liable as well. Each defendant is entitled to a separate and individual consideration of his or her liability without regard to your decisions on any other defendant.

If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant. This requires you to estimate the dollar amount of the plaintiff's injuries that is attributable to a particular defendant's conduct. The law calls this apportionment.

It is not always possible to apportion damages to a particular defendant's conduct. The plaintiff, however, may be able to prove that more than one defendant is liable for a particular injury. If two or more persons united in an intentional act that violated the plaintiff's rights, all of those persons are jointly liable for the violation of the plaintiff's rights. The law does not require the injured party to establish how much of the injury was done by each particular defendant that is shown to be liable. So, if the plaintiff proves that the defendants who are liable acted jointly, then you may treat them jointly for purposes of assessing damages. If he proves that two or more of the defendants are jointly liable on a particular claim, you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages. Each defendant would then be liable for the overall damages. The plaintiff, however, would be able to recover only once for his injury, because the law disallows double recoveries.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

## INSTRUCTION 18.07.1

### Punitive Damages

If you have awarded the plaintiff either compensatory or nominal damages, the law permits the jury, under certain circumstances, to award the plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights brought about by extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of the defendants that proximately caused injury or damage to the plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case. In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiff.

Source: "Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

## INSTRUCTION 18.07.2

### Punitive Damages—Amount of Punitive Damages

Since you have found that Defendant [name of official] is liable to the Plaintiff for punitive damages, it is now your duty to determine an appropriate amount of punitive damages against him. As a reminder, any punitive damages you award are against the Defendant [name of official] and not against the City of Albany. Therefore, when I refer to punitive damages against the defendant, I am referring to Defendant [name of official].

The purposes of punitive damages are to punish the Defendant for shocking conduct and to set an example in order to deter him and others from committing similar acts in the future. Punitive damages are also intended to protect the community and to be an expression of the jury's indignation at the Defendant's misconduct.

You must use sound reason in setting the amount of punitive damages to award. It must not reflect bias, prejudice or sympathy toward any party, but the amount should be in a sum that you believe necessary to fulfill the purposes of punitive damages. In this regard, in fixing the amount of punitive damages, you should consider:

One, the nature of the Defendant's conduct against the Plaintiff;

Two, the impact of the Defendant's conduct on the Plaintiff;

Three, the relationship between the Defendant and the Plaintiff;

And four, the likelihood that the Defendant would repeat the conduct if a punitive award is not made.

Accordingly, any award of punitive damages should be fixed in amount that will sufficiently punish the Defendant for his individual conduct and warn others not to engage in similar conduct.

"Section 1983 Litigation, Jury Instructions", Schwartz & Pratt, 2nd Ed., Vol 4., §7, 2018 supplement

Now, if you would just turn for a moment to the verdict form. It is a very simple form. On page two, one question: State the amount of punitive damages that you award to Plaintiff Phillip Lewis against Defendant [name of official].

I must emphasize that in order to reach a verdict on the amount of punitive damages, it is necessary that all eight of you agree. Once you have reached a verdict on punitive damages, you must complete and sign the original verdict form, and you should then inform the Marshals that a verdict has been reached. You will be returned to the courtroom, and your verdict will be announced here in open court.